IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KHALID MOHAMMAD,

    Plaintiff,

v.                                  No. 14cv307 JH/KBM

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING MOTION
TO PROCEED *IN FORMA PAUPERIS*, DISMISSING CLAIMS AGAINST CERTAIN
DEFENDANTS, ORDERING SERVICE FOR DEFENDANT ROBERTS, AND
ORDERING PLAINTIFF TO SHOW CAUSE WHY THE COURT SHOULD NOT
IMPOSE FILING RESTRICTIONS**

    **THIS MATTER** comes before the Court on Plaintiff Khalid Mohammad's Application to Proceed in District Court without Prepaying Fees or Costs. (Doc. 2, filed March 31, 2014). For the reasons stated below, the Court will **GRANT** the application, **DISMISS** the claims against certain Defendants, **ORDER** service for Defendant Roberts, and **ORDER PLAINTIFF TO SHOW CAUSE** why the Court should not impose filing restrictions.

**Motion to Proceed *in forma pauperis***

    Plaintiff filed his Application to Proceed in District Court Without Prepaying Fees or Costs on March 31, 2014. (Doc. 2). The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted.

>Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit in support of his application in which he declares that he is unable to pay the costs of these proceedings and declares under penalty of perjury that the information regarding his income is true. Plaintiff states that he is homeless, that his total monthly income is $189.00 from public assistance, and that he has no assets.

**The Complaint**

Plaintiff alleges that on November 21, 2013, an unknown staff member at the First United Methodist Church instructed Plaintiff to wait for the pastor of the church in response to Plaintiff's request for financial assistance. (Complaint at 7-8, Doc. 1, filed March 31, 2014). The staff member informed Albuquerque Police Department ("APD") officers that Plaintiff damaged the windows of the church.

The APD officers interrogated and searched Plaintiff, and showed Plaintiff a video recording of an individual throwing a small rock. The video did not reveal any windows breaking. The APD officers handcuffed Plaintiff, transported him to the police station and then transported him to the Metropolitan Detention Center ("MDC"). APD did not feed Plaintiff. MDC placed Plaintiff in segregation without cause. Plaintiff was subjected to violence resulting in physical injuries by both the MDC staff and prisoners. MDC informed Plaintiff that his bail amount was $100. MDC released Plaintiff on January 11, 20114. Plaintiff was never prosecuted. Plaintiff never received his property that was removed from him at the church.

Plaintiff asserts seven causes of action, each of which alleges that Defendants violated Plaintiff's Fourteenth Amendment rights: (1) unlawful arrest resulting in his incarceration from November 22, 2013 to January 11, 2014 without cause; (2) deprivation of access to court; (3) excessive bail; (4) segregation in MDC without cause; (5) starvation (against APD officer Roberts); (6) starvation (against unknown APD staff); and (7) entrapment (against the Church for having Plaintiff arrested without cause). Plaintiff names five groups of defendants.

The first group of defendants includes the United States of America ("US") and United States Attorney General Eric Holder. ("US Defendants"). Plaintiff sues the US Defendants under the doctrine of respondeat superior. The only factual allegations regarding the US Defendants is that US Defendant Holder "[failed] to supervise, train, properly monitor, and implement remedies for injury causing acts by [NM Defendant King]."

The second group of defendants includes the State of New Mexico ("NM") and New Mexico Attorney General Gary King. ("NM Defendants"). The only factual allegations regarding the NM Defendants is that NM Defendant King "[failed] to supervise, train, properly monitor, and implement remedies for injury causing acts by [County Defendant Zdunek]."

The third group of defendants includes the County of Bernalillo ("County"), the Metropolitan Detention Center, Chief of MDC Ramon Rustin, unknown staff at MDC which the Complaint refers to as "DOE-MDC Defendants," and the County Manager Tom Zdunek. ("County Defendants"). The only factual allegations regarding County Defendants Zdunek and Rustin are that County Defendant Zdunek "[failed] to supervise, train, properly monitor, and implement remedies for injury causing acts by [County Defendant Rustin]" and that County Defendant Rustin "[failed] to supervise, train, properly monitor, and implement remedies for injury causing acts by [unknown MDC staff]."

The fourth group of defendants includes the City of Albuquerque ("the City"), Mayor Richard Berry, the Albuquerque Police Department, Chief of APD Gordon Eden, APD Officer Devonna Roberts, and unknown staff at APD. ("City Defendants"). The only factual allegations regarding City Defendants Berry and Eden are that City Defendant Berry "[failed] to supervise, train, properly monitor, and implement remedies for injury causing acts by [City Defendant Eden]" and that City Defendant Eden "[failed] to supervise, train, properly monitor, and implement remedies for injury causing acts by [City Defendant APD Officer Roberts and unknown staff at APD which the Complaint refers to as DOE-APD defendants]."

The fifth group of defendants includes the First United Methodist Church ("the Church"), senior pastor of the Church John McClean and unknown staff members at the Church. ("Church Defendants"). The only factual allegation regarding Church Defendant McClean is that he "[failed] to supervise, train, properly monitor, and implement remedies for injury causing acts by" the unknown staff member, DOE-FUMC, that informed APD that Plaintiff had damaged Church windows.

**Dismissal of Claims Against Certain Defendants**

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable infrences that might

be drawn from them, in the light most favorable to the plaintiff." *Id.*  The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level.  *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

Plaintiff, who is proceeding *pro se*, seeks relief for the alleged violation of his constitutional rights under the Fourteenth Amendment.  (Complaint at 2).  Although his complaint does not cite the statute, the Court construes his complaint as seeking relief pursuant to 42 U.S.C. § 1983.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (requiring that pro se pleadings be liberally construed) "Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law." *McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011).

The Court will dismiss the claims against the United States and United States Attorney General Eric H. Holder, who Plaintiff is suing in his official capacity, for lack of jurisdiction. The Court construes Plaintiff's complaint as asserting *Bivens* claims against the United States and United States Attorney General Eric H. Holder.[1]  "In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), the U.S. Supreme "Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Ingram v. Faruque*, 728 F.3d 1239, 1243 (10th Cir. 2013) (*quoting Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009)).  A "*Bivens* claim can be brought only against federal officials in their individual capacities.  *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal

---

[1] Section 1983 "applies only to actions by state and local entities, not by the federal government . . . and does not apply to federal officers acting under color of federal law." *Beals v. United States Department of Justice*, 460 Fed.Appx. 773, 775 (10th Cir. 2012).

agencies." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).  Plaintiff's complaint does not allege any other basis for jurisdiction over his claims against the United States and United States Attorney General Eric H. Holder.  "District courts lack subject matter jurisdiction over a claim against the United States for which sovereign immunity has not been waived.  *Id.* Plaintiff, who bears the burden of establishing the United States' waiver of sovereign immunity, makes no allegations in his complaint that the United States waived its sovereign immunity. Thus, the Court has no jurisdiction over Plaintiff's claims against the United States and United States Attorney General Eric H. Holder.

The Court will dismiss the claims against the State of New Mexico and New Mexico Attorney General Gary K. King for lack of jurisdiction.  "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).   There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181.  Neither exception applies in this case.  "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)). Second, Plaintiff does not allege in his complaint that the state of New Mexico waived its Eleventh Amendment immunity in this case. The Court concludes that it lacks subject matter jurisdiction over Plaintiff's 42 U.S.C. § 1983 claims with respect to the State of New Mexico and New Mexico Attorney General Gary K. King, acting in his official capacity.

The Court will dismiss the claims against Bernalillo County Metropolitan Detention Center and the City of Albuquerque Police Department because they are not separate suable entities. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).

The Court will dismiss the claims against Bernalillo County and the City of Albuquerque without prejudice[2] because Plaintiff's complaint fails to state a claim against the County and the City. "[V]icarious liability will not open a municipality to liability simply when one of its officers has committed a constitutional violation . . . "[i]t is only when the 'execution of the government's policy or custom ... inflicts the injury' that the municipality may be held liable under § 1983." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1318 (10th Cir. 2002) (*quoting Monell v. Dep't of Social Services,* 436 U.S. 658, 694 (1978) and *City of Canton v. Harris,* 489 U.S. 378, 385 (1989) ("the inadequacy of police training may serve as a basis of § 1983 liability ... where the failure to train amounts to a deliberate indifference to the rights of persons with whom the police come into contact.")). The only allegations in the complaint regarding the County and the City are that they are "sued as an entity under the doctrine of respondeat superior" and that Bernalillo County Manager Tom Zdunek, Metropolitan Detention Center Chief Ramon Rustin, City of Albuquerque Mayor Richard Berry, and City of Albuquerque

---

[2] Plaintiff may amend his complaint pursuant to Fed. R. Civ. P. 15. *See Montana v. Hargett*, 84 Fed.Appx. 15, 17 (10th Cir. 2003) ("While we have held that a sua sponte dismissal pursuant to § 1915(e)(2) need not be preceded by notice and an opportunity to amend when amendment would be futile, a "district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim.").

Police Chief Gordon Eden "fail[ed] to supervise, train, properly monitor, and implement remedies for injury causing acts by [other County or City employees]." There are no allegations of County or City policies or customs that might serve as a basis for § 1983 liability, or that the failure to supervise, train and implement remedies amounts to a deliberate indifference to Plaintiff's rights.

The Court will dismiss the claims against the following individuals without prejudice[3] for two reasons: Bernalillo County Manager Tom Zdunek, Metropolitan Detention Center Chief Ramon Rustin, City of Albuquerque Mayor Richard Berry, and City of Albuquerque Police Chief Gordon Eden. First, Plaintiff's complaint states that these defendants are being "sued via the doctrine of respondeat superior. "Section 1983 does not authorize liability under a theory of respondeat superior." *Brown v. Montoya*, 662 F.3d 1152, 1163-1164 (10th Cir. 2011). "[T]o establish a § 1983 claim against a supervisor for the unconstitutional acts of his subordinates, a plaintiff must first show the supervisor's subordinates violated the constitution [and then] must show an 'affirmative link' between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates . . . mere negligence is not enough to hold a supervisor liable under § 1983 . . . a plaintiff must establish that the supervisor acted knowingly or with deliberate indifference that a constitutional violation would occur." *Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151-1152 (10th Cir. 2006). Plaintiff's complaint contains no allegations that Defendants Zdunek, Rustin, Berry or Eden acted knowingly or with deliberate indifference that a constitutional violation would occur. Second, Plaintiff is suing Defendants Zdunek, Rustin, Berry or Eden in their official capacities. "It is well established that arms of the state, or state officials acting in

---

[3] Plaintiff may amend his complaint pursuant to Fed. R. Civ. P. 15.

their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits." *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006).

The Court will dismiss the claims against the First United Methodist Church, its senior pastor John McClean and its unknown staff member because they are not state actors. Section 1983 only authorizes suits against persons acting under color of state law. The "state action doctrine requires that the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible and the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Stone v. Elohim, Inc.* 336 Fed.Appx. 841, 842 (10th Cir. 2009) (*quoting Lugar v. Edmondson Oil Co., Inc.* 457 U.S. 922, 937 (1982)). "Private persons may be said to act under color of state law if they are jointly engaged with state officials in the challenged action . . . But private conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory or wrongful the conduct is." *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009). Because the First United Methodist Church, its senior pastor John McClean and its unknown staff member are private actors, Plaintiff can only state a cognizable § 1983 claim against them if he adequately alleges that these defendants conspired with the Albuquerque Police to violate his federal rights. *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005). "[W]hen a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, 'mere conclusory allegations with no supporting factual averments are insufficient,' [instead] the plaintiff must specifically plead "facts tending to show agreement and concerted action." *Id.* The

only allegations in Plaintiff's complaint against the First United Methodist Church, its senior pastor John McClean and its unknown staff member are:

> On November 21, 2013, [an unknown First United Methodist Church staff member] instructed the Plaintiff to wait for MCCLEAN in the main lobby in response to his request for financial assistance. APD was contacted. A female, allegedly [an unknown First United Methodist Church staff member], informed the [unknown] APD officers that the Plaintiff damaged the exterior widows of [the First United Methodist Church]. Plaintiff was informed that there are surveillance video recordings of him damaging the [First United Methodist Church] windows.
> . . . .
> [The unknown First United Methodist Church staff member's] decision to have the Plaintiff arrested without sufficient cause for prosecution violated the Plaintiff's Constitutional Right to be free of entrapment secured under the 14th Amendment of the United States Constitution.

(Complaint at 7, 16). Plaintiff's complaint makes no allegations that the First United Methodist Church, its senior pastor John McClean or its unknown staff member conspired with the police or that their actions are attributable to the City of Albuquerque.

**Defendant Roberts and Unknown Defendants**

Plaintiff's complaint makes the following allegations against Defendant Roberts, the unknown APD officers ("DOE-APD") and the unknown MDC staff ("DOE-MDC"):[4]

> [On November 21, 2013] [t]wo APD officers interrogated the Plaintiff. DOE-APD's [sic] escorted to [sic] the Plaintiff to the exterior of [the First United Methodist Church]. Male DOE-APD searched and removed a can opener from the Plaintiff's person. DOE-APD's [sic] informed the Plaintiff that there is surveillance video recordings that reveal the Plaintiff damaging the exterior

---

[4] Although Plaintiff states he is suing Defendant Roberts, the unknown APD Defendants and the unknown MDC Defendants in their official capacities and failed to specify that he was suing them in their individual capacities, the Court liberally construes his complaint as asserting claims against Defendant Roberts, the unknown APD Defendants and the unknown MDC Defendants in their individual capacities. *See Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006) (court liberally construes pleadings of party proceeding *pro se* as asserting claims against named defendants in both their official and individual capacities); *Pride v. Does*, 997 F.2d 712, 715-716 (10th Cir. 1993) (where plaintiff failed to specify that he was suing defendant in her individual capacity, it is clear from both the pleadings and the course of litigation that he was doing so).

> windows of [the First United Methodist Church].  Plaintiff requested to view the surveillance video recordings that allegedly incriminate him.
>
> ROBERTS permitted the Plaintiff to view a video recording (CLIP) on the display screen of a cell phone.  The CLIP revealed an individual throwing a small rock to the side.  The CLIP did not reveal any [Church] windows or any windows breaking.
>
> ROBERTS detained the Plaintiff in handcuffs.  ROBERTS transported the Plaintiff to the Police station.  ROBERTS did not provide any meals to the Plaintiff.  DOE-APD's [sic] did not provide any meals to the Plaintiff.  Plaintiff was housed in a holding cell in handcuffs.  Plaintiff was photographed in handcuffs.  Plaintiff remained in handcuffs during ALL TIMES at the police station.  Plaintiff did not receive any documentation from DOE-APDs.  Plaintiff was then transported to MDC.
>
> DOE-MCD's [sic] housed the Plaintiff in segregation without cause.  DOE-MDC's [sic] informed the Plaintiff that his bail amount is $100.  DOE-MDC's [sic] never delivered the plaintiff to court.  Plaintiff was subjected to violence resulting in physical injuries, both by the staff and prisoners, while housed in segregation at MDC.
> . . . .
>
> DOE-MDC's [sic] released the plaintiff on January 11, 2014.  Plaintiff was never prosecuted.  Plaintiff never received his property that was removed from him at [the First United Methodist Church].

(Complaint at 7-8).

The Court will not dismiss the claims against Defendant Roberts at this time.  Plaintiff alleges that the surveillance video did not reveal Plaintiff breaking any windows and, therefore, Defendant Roberts arrested Plaintiff without cause.  "A police officer violates an arrestee's clearly established Fourth Amendment right to be free of unreasonable seizure if the officer makes a warrantless arrest without probable cause."  *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002) ("Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense.").  Construing his complaint liberally, the *pro* se Plaintiff has alleged a plausible claim.  *See Kay v.*

*Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.").

The Court will not dismiss the claims against the unknown APD and MDC Defendants at this time.  Plaintiff alleges that the unknown APD Defendants did not provide any meals causing him to starve, and that the unknown MDC Defendants subjected him to violence and punished him by housing him in segregation without cause. *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) ("The Eighth Amendment requires jail officials to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety."); *Blackmon v. Sutton*, 734 F.3d 1237, 1241 (10th Cir. 2013) ("punishment is *never* constitutionally permissible for presumptively innocent individuals awaiting trial").

Plaintiff states that he will seek leave of the Court to amend his complaint  to reflect the identities of the unknown defendants when such information is ascertained.  (Complaint at 6). After a reasonable period of time for discovery, Plaintiff will be given an opportunity to amend his complaint to name the particular APD officers and MDC staff who he believes have violated his rights.  *See Martinez v. Winner*, 771 F.2d 424, 442 (10th Cir. 1985) (stating that on remand, and after "a reasonable period of time for discovery," plaintiff should be given opportunity to amend complaint to name particular agents who he believes have violated his rights).

**Service on Defendant Roberts**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.

> The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

Because Plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915, the Court will order the Clerk of the Court to notify Defendant Roberts that an action has been commenced and request that Defendant Roberts waive service pursuant to Fed. R. Civ. P. 4(d). If Defendant Roberts does not return the waiver within 45 days after the request is sent, then the United States Marshal shall serve a copy of the Summons and Complaint on Defendant Roberts at the address provided by Plaintiff in his complaint (Doc. 1).

**Order and Notice of Proposed Filing Restrictions**

Plaintiff has filed 10 cases in the District of New Mexico since January 27, 2014. *See Mohammad v. DOE*, No. 14cv84 WJ/RHS; *Mohammad v. Banks*, No. 14cv170 JH/RHS; *Mohammad v. United States*, No. 14cv307 JH/KBM; *Mohammad v. ALON 7-Eleven #713*, No. 14cv324 LH/RHS; *Mohammad v. ALON 7-Eleven #716*, No. 14cv325 JP/KBM; *Mohammad v. ALON 7-Eleven #717*, No. 14cv326 LH/RHS; *Mohammad v. Circle K #8943*, No. 14cv340 KG/SMV; *Mohammad v. Rio Metro Regional Transit*, No. 14cv353 MV/KBM; *Mohammad v. Target*, No. 14cv375 KG/RHS; *Mohammad v. United States*, No. 14cv409 KBM. Five of those cases have been dismissed for lack of jurisdiction. *See Mohammad v. DOE*, No. 14cv84 WJ/RHS; *Mohammad v. ALON 7-Eleven #713*, No. 14cv324 LH/RHS; *Mohammad v. ALON 7-Eleven #716*, No. 14cv325 JP/KBM; *Mohammad v. ALON 7-Eleven #717*, No. 14cv326 LH/RHS; *Mohammad v. Circle K #8943*, No. 14cv340 KG/SMV. In the eight most recently filed cases, Plaintiff seeks relief for alleged violations of his constitutional rights, and asserts frivolous claims, fails to demonstrate that the Court has jurisdiction, makes allegations which fail

to state claims against numerous defendants, or seeks monetary relief against defendants who are immune from such relief.

The Court has the inherent power to impose a variety of sanctions on litigants in order to regulate its docket, promote judicial efficiency, and deter frivolous filings. *See Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984. In less than three months, Plaintiff has filed 10 complaints which assert frivolous claims, fail to demonstrate that the Court has jurisdiction, make allegations which fail to state claims against numerous defendants, or seek monetary relief against defendants who are immune from such relief. Plaintiff's abusive conduct justifies imposition of an injunction against him to deter frivolous filings. *See Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989). The Court will notify Plaintiff of proposed filing restrictions. *See id.* at 353-54. If Plaintiff fails to comply with this order, the Court may enter the restrictions below without further notice.

Plaintiff is hereby notified that, by subsequent order, he will be enjoined from initiating further litigation in this Court, and the Clerk will be directed to return without filing any initial pleading that he submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994). To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File a petition with the Clerk of Court requesting leave to file a *pro se* initial pleading;

2. File with the petition a copy of the complaint Plaintiff seeks to file and a notarized affidavit, in proper legal form, which recites the claims that Plaintiff seeks to present, including a short discussion of the legal right asserted, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Plaintiff's knowledge, his claims

are not frivolous or made in bad faith; they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation. If Plaintiff's claims have previously been raised or the defendants have previously been sued, the affidavit must certify that the proposed new suit does not present the same claims that this or other court has decided and explain why the new suit would not be an abuse of the system;

      3. Submit the petition, proposed complaint and affidavit, with a copy of these filing restrictions, to the Clerk of the Court, who will be directed to forward them to the Chief Magistrate Judge for determination of whether to permit the filing of a *pro se* original proceeding. Without the Chief Magistrate Judge's approval and the concurrence of the assigned District Judge, the Clerk will be directed to return the petition or complaint without filing. If the Chief Magistrate Judge and assigned District Judge approve the filing, an order will be entered directing the Clerk to file the petition or complaint.

      **IT IS THEREFORE ORDERED** that Plaintiff Khalid Mohammad's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2, filed March 31, 2014) is **GRANTED.**

      **IT IS ALSO ORDERED** that the claims against the following Defendants are **DISMISSED** and that the following Defendants are **DISMISSED:**

United States of America and United States Attorney General Eric H. Holder;

State of New Mexico and New Mexico Attorney General Gary K. King;

County of Bernalillo, Metropolitan Detention Center, Bernalillo County Manager Tom Zdunek and MDC Chief Ramon Rustin;

15

City of Albuquerque, Albuquerque Police Department, Mayor Richard J. Berry, and Albuquerque Police Chief Gorden Eden; and

First United Methodist Church, Senior Pastor John McClean and the unknown First United Methodist Church staff member DOE-FUMC.

**IT IS ALSO ORDERED** that the Clerk of the Court notify Defendant Roberts that an action has been commenced and request that Defendant Roberts waive service pursuant to Fed. R. Civ. P. 4(d).  If Defendant Roberts does not return the waiver within 45 days after the request is sent, then the United States Marshal shall serve a copy of the Summons and Complaint on Defendant Roberts at the address provided by Plaintiff in his complaint (Doc. 1).

**IT IS FURTHER ORDERED** that within ten (10) days from entry of this order, Plaintiff may file written objections, limited to ten pages, to the proposed filing restrictions described above.  If Plaintiff files no timely objections, the Court may enter the restrictions without further notice.  If Plaintiff files timely objections, restrictions will take effect only upon entry of a subsequent order.

_____
**UNITED STATES DISTRICT JUDGE**