IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


KHALID MOHAMMAD,

        Plaintiff,

v.                                              CIV 14-307 JCH/KBM

DEVONNA ROBERTS,

        Defendant.


## PROPOSED FINDINGS AND CONCLUSIONS OF LAW

The United States District Judge presiding over this case has referred it to me for all pretrial matters and to recommend a final disposition. *See Order, Doc. 19.* The Honorable Judith C. Herrera previously dismissed all but a single claim against the sole remaining defendant, Officer Devonna Roberts – a § 1983 "starvation" claim. *See Doc. 28.* Defendant Roberts has moved for summary judgment of that claim, and the Court notes that no response to the motion for summary judgment has been filed, nor has any request for an extension of the deadline been received.

Pursuant to our District's local rules, "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Thus, by failing to file a response, pro se Plaintiff Mohammad has not contested the material facts identified by Defendant Roberts and has consented to the Court granting the motion. Nevertheless, the Court is required by binding precedent to look into the merits of a motion for summary judgment.

*See Reed v. Bennett*, 312 F.3d 1190, 1154-95 (10th Cir. 2002) ("If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law."). Having performed the required examination, I recommend that the motion for summary judgment be granted.

## I.  BACKGROUND

The Court has previously found that probable cause supported Plaintiff's 2013 arrest for breaking windows of the First United Methodist Church in Albuquerque. In my previous Proposed Findings and Recommended Disposition ("PFRD"), I found that despite the dismissal of all other claims, the starvation claim as against Officer Roberts had not yet been addresses by the presiding judge:

> The Tenth Circuit has held that failing to provide food to a prisoner for 50 ½ hours could state a claim for cruel and unusual punishment and thereby violate the Eighth Amendment. *Dearman v. Woodson*, 429 F.2d 1288 (10th Cir.1970). Here, however, Plaintiff alleges that Defendant Roberts failed to provide him with a single meal during the short booking process. The Court has serious misgivings as to whether this allegation could support a finding of deliberate indifference to Plaintiff's well-being sufficient to rise to the level of a constitutional violation of Plaintiff's due process rights under *Bell v. Wolfish*, 441 U.S. 520 (1979). *See, e.g., Watkins v. Rogers*, 525 F. App'x 756, 759 (10th Cir. May 17, 2013) ("We conclude that a single violation of Watkins's religious diet is not sufficient to demonstrate an Eighth Amendment violation."). . . . Because Judge Herrera did not expressly dismiss the "starvation" claim against Defendant Roberts and the motion for summary judgment does not even mention it, I feel constrained to find that it remains intact.

*Doc. 27* at 3, n.2. Thus, the Defendant Roberts filed the instant motion for summary judgment to bring the issue to the forefront.

II.    **STANDARD OF REVIEW**

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The party seeking summary judgment bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (internal quotation marks omitted). Once the movant meets this burden, Rule 56 requires the nonmoving party to designate specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). In considering a motion for summary judgment, then, the Court's "role is simply to determine whether the evidence proffered by plaintiff would be sufficient, if believed by the ultimate factfinder, to sustain her claim." *Foster v. Alliedsignal, Inc.*, 293 F.3d 1187, 1195 (10th Cir. 2002).

When an individual defendant asserts qualified immunity, however, the procedure for analyzing this defendant's motion for summary judgment is slightly different. Qualified immunity protects government officials who are required to exercise their discretion by shielding them from liability for harm caused by reasonable mistakes. *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009). Therefore, any time a defendant asserts qualified immunity at the summary judgment stage, the burden

3

shifts to the plaintiff to show that: (1) the defendant violated a constitutional right, and (2) the constitutional right was clearly established at the time of defendant's conduct. *Courtney v. Okla. ex rel. Dep't of Pub. Safety*, 722 F.3d 1216, 1222 (10th Cir. 2013). Only if the "'plaintiff successfully carries his two-part burden," upon a consideration of the facts in the light most favorable to the plaintiff, does the "defendant bear[] the burden, as an ordinary movant for summary judgment, of showing no material issues of fact remain that would defeat the claim of qualified immunity." *Estate of Booker v. Gomez*, 745 F.3d 405, 412 (10th Cir. 2014) (quoting *Mick v. Brewer,* 76 F.3d 1127, 1134 (10th Cir. 1996).

When, as here, the nonmoving party fails to respond to a motion for summary judgment under Rule 56, summary judgment may not be granted automatically. Rather, the need for a nonmovant to respond (and, in the absence of a response, the need for the reviewing court to grant) a motion for summary judgment only arises once the moving party satisfies its initial burden under Rule 56(c) of showing there is no genuine dispute as to material fact and judgment as a matter of law is appropriate. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160–61 (1970). If the evidence produced in support of the summary judgment motion does not meet this burden, "summary judgment must be denied even if no opposing evidentiary matter is presented." *Id.* at 160.

## II.   ANALYSIS

Plaintiff claims that he was subjected to unconstitutional conditions in pretrial confinement. The Fourteenth Amendment Due Process Clause protects a pretrial detainee from punishment prior to an adjudication of guilt in accordance with due process of law. *Bell v. Wolfish*, 441 U.S. 520, 534-35 (1979). "This standard differs

significantly from the standard relevant to convicted prisoners, who may be subject to punishment so long as it does not violate the Eighth Amendment's bar against cruel and unusual punishment." *Pierce v. County of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) (citing *Bell*, 441 U.S. at 535 n.16). Pretrial detainees, like convicted prisoners, have a constitutionally protected right to food, shelter, clothing, and medical care.

### A. The undisputed, material facts

The undisputed facts establish that between 9:26 a.m. and 10:15 a.m. on the day of Plaintiff's arrest, Officer Roberts was at the Prisoner Transport Center preparing the criminal complaint and accompanying arrest warrant. During this time span, Plaintiff was handcuffed and in the holding area of the Transport Center along with Officer Elrick. Upon completing the drafting of the charging documents, it then took Officer Roberts a little over 20 minutes find a judge to review the warrant application and obtain the arrest warrant which was signed at 10:38 a.m. At 10:50 a.m., Plaintiff was accepted into the Prisoner Transport Unit. At 12:06 p.m., he was transported to the Metropolitan Detention Facility for booking. It is also undisputed that if Officer Roberts was required to provide meals for pretrial detainees while tasked with investigating and drafting criminal charges and processing them through to the finding of probable cause and issuance of a warrant, such a responsibility would impose undue delay and could compromise the safety of officers and others at the transport center.

### B. Application of the Undisputed Facts to the Applicable Law

As to the first prong of the qualified immunity inquiry, the Court finds that Plaintiff has failed to come forth with sufficient evidence from which a reasonable juror could conclude that Officer Roberts' failure to provide a meal was sufficiently serious to

constitute a violation of Plaintiff's constitutional rights. As Defendant Roberts sets forth in her brief,

> the Tenth Circuit has said that only a "substantial deprivation of food" may be sufficiently serious to state a claim under the Eighth Amendment. T*hompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir.1999); *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir.1983)). In this regard, "[t]he deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Berry*, 192 F.3d at 507 (internal citations and quotations omitted). "Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation." *Id.* (quoting *Talib v. Gilley*, 138 F.3d 211, 214 (5th Cir.1998). Even on a regular, permanent basis, two meals a day may be adequate. *Green v. Ferrell*, 801 F.2d 765, 770-771 (5th Cir.1986).

*Doc.* 30 at 29-30. In the instant action, the undisputed facts establish that responsibility for Plaintiff's care was transferred from the arresting officers to the Prisoner Transport Unit less than two hours after he arrived at the Transport Center. Absent a showing of any emergent circumstances requiring that a single meal to be provided during this time period (for instance, perhaps a diabetic condition in which permanent harm could result from lack of nutrition), no constitutional violation can be found. *See Rush v. Astacio*, 159 F.3d 1348 (2d Cir. 1998) ("Neither the degree of hardship nor the duration of the alleged constitutional violation were substantial" where the plaintiff pretrial detainee was held in a cold room and denied food for twelve hours).

Further, there are no allegations or evidence that Officer Roberts acted with deliberate indifference or purposely deprived Plaintiff of food just to punish him. *Id.* (holding that in the absence of such evidence, legitimate government purposes can justify denial of food to a pretrial detainee). Having

6

determined that the legitimate purposes cited above warranted failure to provide Plaintiff with a single meal during the short timespan when he was in the care of the arresting officers, the Court need not address the clearly established prong of the qualified immunity analysis.

**CONCLUSION**

I recommend that Defendant Roberts' motion for summary judgment be granted.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE